| Schwimmer v Lincoln Auto. Fin. Servs. |
|---|
| 2024 NY Slip Op 33981(U) |
| November 11, 2024 |
| Supreme Court, Kings County |
| Docket Number: Index No.510396/2023 |
| Judge: Ingrid Joseph |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Part 83 of the Supreme Court of the
State of New York held in and for the County
of Kings at 360 Adams Street, Brooklyn, New
York, on the _11th_ day of _October_ 2024.

PRESENT: HON. INGRID JOSEPH, J.S.C.
SUPREME COURT OF THE STATE OF
NEW YORK COUNTY OF KINGS
-----------------------------------------------------------------------X
JOEL SCHWIMMER,

                                        Petitioner(s)

                    -against-
LINCOLN AUTOMOTIVE FINANCIAL SERVICES,

                                        Respondent(s)
-----------------------------------------------------------------------X

**Index No**: 510396/2023
**Motion Seq. 1**


**ORDER**


NYSCEF Nos.:

1-14; 28-29
18-27

The following e-filed papers read herein:
Petition/OSC/Affidavits Annexed
Exhibits Annexed...........
Affirmation in Opposition/Affidavits Annexed/Exhibits Annexed............

In this matter, Joel Schwimmer ("Petitioner") moves (Motion Seq. 1) to vacate an arbitration award pursuant to CPLR 7511(b)(1)(iii) on the grounds that the Arbitrator exceeded her power and so imperfectly executed it that a finite and definite award upon the subject matter was not made, that the Arbitrator's decision was arbitrary and capricious and in violation of New York Personal Property Law, the New York Attorney General's guidelines for excessive wear and tear arbitrations as well as the policies and guidelines of the New York State Dispute Resolution Association ("NYSDRA"). Lincoln Automotive Financial Services ("Respondent") has opposed the motion.

This action arises from an arbitration award dated March 24, 2023, wherein Arbitrator Ulla Buchner-Howard (the "Arbitrator") determined that Petitioner is, required to pay Respondent for excess wear and tear to a 2020 Lincoln Corsair (the "Subject Vehicle") in the amount of $17,175.03. In support of his motion, Petitioner states that he leased the Subject Vehicle from Respondent, which ended on September 30, 2022. Petitioner asserts that he returned the vehicle to Respondent on October 7, 2022, and that on December 1, 2022, Petitioner received a letter from Respondent with an auto body repair estimate. Petitioner contends that upon receipt of the letter, he authorized his brother Cheskel Schwimmer to contact Respondent on his behalf and request that he be allowed to conduct his own excess wear and tear appraisal on the vehicle. Petitioner states that Respondent denied his request because the vehicle had already been sold at auction. Petitioner argues that the Arbitrator's award is arbitrary and capricious, irrational, and lacked a plausible basis in part due to the timeliness of the Respondent's notice under Personal Property Law 343(3)(a), which requires that a leasing company furnish a lease with a written itemized appraisal of excessive wear and tear damage within 30 days after the date on which the vehicle came into the actual physical possession of the lessor, and that Respondent herein failed to do so. Petitioner contends that the letter he received from Respondent was dated 55 days after the vehicle had been turned over to them and

1

[* 1]

that it was sent by regular mail rather than registered mail. Therefore, Petitioner asserts that he was neither timely nor properly served and the Arbitrator's decision to ignore such facts was arbitrary and capricious. Additionally, Petitioner argues that pursuant to NYSDRA's Internal Policies and Guidelines, when a leasee is denied their rights, the lessor shall be denied the right to recover. Petitioner states that the Arbitrator's award violates New York Vehicle and Traffic Law ("VTL") 398-d which requires that a wear and tear statement must be issued from an appraiser licensed under the statute, and that Respondent's statement failed to state whether the body shop that performed the assessment was licensed, and Respondent did not provide evidence showing that the shop's license was presented to the Arbitrator.

In opposition to the motion, Respondent argues that Petitioner has failed to meet his burden warranting vacatur of the arbitrator award. Respondent states that at arbitration, it became evident that the Subject Vehicle had been involved in an accident or multiple incidents of physical damage and that Petitioner had opted not to place a claim with his insurance company or have the vehicle repaired but returned the vehicle in poor condition. Respondent asserts that it established that Petitioner did not obtain his own appraisal from a licensed appraiser before the surrender of the Subject Vehicle, nor did he request access to the vehicle within 14 days after Respondent sent him an itemized bill for the damage. Respondent contends that the wear and tear to the Subject Vehicle was so extensive and far exceeded what is considered excess wear and tear that the assessment had to be conducted by a licensed auto body shop rather than an appraiser. Furthermore, Respondent argues that Petitioner's arguments are conclusory and speculative and fail to establish that the Arbitrator's award was irrational or an abuse of discretion. Respondent states that it was established that (1) the damage existed, (2) the damage was excessive, and (3) that the amount claimed for the damage was reasonable, therefore the facts at issue herein were already decided at arbitration. Additionally, Respondent states that Petitioner filed an initial request with the New York State Attorney General wherein he admitted to leasing the vehicle and conceded that the lease contained a provision for excess wear and tear. Respondent states Petitioner declined to answer whether he received any notices but did admit that he did not obtain his own appraisal because he was denied access to the vehicle after its return and stated that while there was damage present on the Subject Vehicle, Respondent did not believe the damage was excessive.

CPLR 7511 provides that a Plaintiff can file a petition to vacate an arbitration award if the court finds that the rights of that party were prejudiced by: (i) corruption, fraud or misconduct in procuring the award; or (ii) partiality of an arbitrator appointed as a neutral, except where the award was by confession; or (iii) an arbitrator, or agency or person making the award exceeded his power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made; or (iv) failure to follow the procedure of this article, unless the party applying to vacate the award continued with the arbitration with notice of the defect and without objection. Judicial review of arbitration awards is extremely limited

2

(*Wien & Malkin LLP v Helmsley-Spear, Inc.*, 6 N.Y.3d 471 [2006]; *Tauber v Gross*, 216 A.D.3d 1066 [2d Dept. 2023]; see *Jurcec v Moloney*, 164 A.D.3d 1434 [2d Dept. 2018]). Pursuant to CPLR 7511(b)(1), a court may vacate an award when it violates a strong public policy, is irrational or clearly exceeds a specifically enumerated limitation on an arbitrator's power. A party seeking to overturn an arbitration award on one or more grounds stated in CPLR 7511(b)(1) bears the burden of establishing a ground for vacatur by clear and convincing evidence [*Tauber* at 1068; *Matter of Denaro v Cruz*, 15 A.D.3d 742 [2d Dept. 2014]; see *Jurcec v Moloney*, 164 A.D.3d 1431 [2d Dept. 2018]). "Courts are bound by an arbitrator's factual findings, interpretation of the contract and judgment concerning remedies. A court cannot examine the merits of an arbitration award and substitute its judgment for that of the arbitrator simply because it believes its interpretation would be the better one. Even in circumstances where an arbitrator makes errors of law or fact, courts will not assume the role of overseers to conform the award to their sense of justice" (*Jewish Press, Inc. v Meltzer, Lippe, Goldstein & Breitstone, LLP*, 221 AD3d 594, [2d Dept 2023]; *Vil. of Spring Val. v Civ. Serv. Employees Assn., Inc.*, 214 AD3d 818, 820 [2d Dept 2023]; *Matter of New York State Correctional Officers and Police Benev. Ass'n, Inc. v State*, 94 NY2d 321, 325 [1999]).

Here, the court finds that Petitioner has failed to meet his burden of establishing that the Arbitrator exceeded her power or so imperfectly executed it that a final and definite award upon the subject matter submitted was not made. The Petitioner, in moving has failed to establish by clear and convincing evidence that the arbitration award should be vacated on the ground that its rights were prejudiced by the arbitrator's failure to follow proper procedure (see *NRT New York, LLC v St. Arromand*, 216 AD3d 641, 642 [2d Dept 2023]) or on any other ground pursuant to CPLR 7511(b). In her decision, the Arbitrator found (1) that there was damage to the item(s) for which a claim was made for excess wear and tear damage to the leased vehicle, (2) that the item claimed as damage to the leased vehicle was in excess of wear and tear damage and was not the result of normal wear and damage, (3) that the lessor did provide the lessee with the requisite notice of the lessee's rights with respect to excess wear and damage claim, and (4) that a preliminary estimate was provided. The issues raised by Petitioner in this action were already heard and decided by the Arbitrator. With respect to the summary of evidence presented at arbitration the Arbitrator states that "Cheskel Schwimmer...returned the vehicle on October 7, 2022, to the dealership after a 6 month lease extension. He did not do the pre-return inspection with a licensed appraiser, he relied on the dealership and the WearCare red carpet lease addendum, that covers up to $ 10,000 of 'wear and tear' damage. On December 10, 2022, he received an invoice from Lincoln for $ 17,175.03. Mr. Schwimmer called the body shop and was told that the damage is due to an accident and must be handled by his insurance company. WearCare is not applicable for that damage. Mr. Schwimmer does not agree that the invoice is legitimate to label the car 'an accident car.'" Additionally, the Arbitrator states that Respondents submitted 59 pages of relevant documents including copies of the original and extension lease; the Red Carpet Lease WearCare

3

[* 3]

addendum; clear detailed pictures of the vehicle damage and the pre-return letters: first lease ending on June 30, 2022 and extension lease ending on September 30, 2022 -- both stating that, "you may be requested to present the vehicle for inspection prior to return" to obtain evidence of current condition of vehicle before return; the WearCare checklist - Service Center and WearCare Exclusions: B # 1 -2 uphold the charges of the Preliminary Estimate. Contrary to the Petitioner's contention, there is evidentiary support for the arbitration award, and it was not irrational.

Accordingly, it is hereby,

ORDERED, that Petitioner's motion (Motion Seq. 1) to vacate the arbitration award dated March 24, 2023, is denied.

This constitutes the decision and order of the court.

_____
Hon. Ingrid Joseph J.S.C.

4